IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| GREGORY R. ROBINSON, | § | |
| | § | No. 344, 2020 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1902005192 (K) |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: January 27, 2021
Decided: March 15, 2021

Before **SEITZ**, Chief Justice; **VALIHURA** and **MONTGOMERY-REEVES**, Justices.

## **ORDER**

Upon consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1)    The appellant, Gregory R. Robinson, filed this appeal from a Superior Court order sentencing him for a violation of probation ("VOP"). The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Robinson's opening brief that his appeal is without merit. We agree and affirm.

(2)    On September 16, 2019, Robinson pleaded guilty to strangulation. The Superior Court sentenced Robinson to thirty months of Level V incarceration, with

credit for sixty-nine days previously served, suspended after one year for decreasing levels of supervision that included eighteen months of Level III GPS. The Superior Court modified Robinson's sentence to grant him credit for 118 days previously served.

(3) On August 11, 2020, an administrative warrant was filed for Robinson's VOP. The VOP report alleged that Robinson failed to report to his probation officer multiple times, used drugs, allowed his GPS tracker to die, and repeatedly violated his curfew.

(4) On August 25, 2020, the Superior Court found that Robinson violated his probation and sentenced him to eighteen months of Level V incarceration, suspended after five months for decreasing levels of supervision that included one year of Level III supervision. The "notes" section of the sentencing order required Robinson to keep his GPS in working order. On October 3, 2020, the Superior Court corrected the VOP sentencing order to include Level III GPS and to hold Robinson at Level V for Level III GPS. This appeal followed.

(5) In his opening brief, Robinson primarily challenges the conditions of his incarceration, including the risk of COVID-19 infection. Robinson asks for elimination of the GPS provision in his sentence so he may be released from Level V incarceration. The only claim Robinson makes relating to his VOP is that the

probation officer charged him with curfew violations based on an address where she knew he did not reside.

(6)     Although Robinson disputes the curfew violations, he does not deny his admissions of drug use or multiple failures to report to his probation officer. Once Robinson committed a VOP, the Superior Court could impose any period of incarceration up to and including the balance of the Level V time remaining on Robinson's sentence.[1]  Robinson's VOP sentence does not exceed the statutory limits or the Level V time previously suspended.  As to Robinson's request for elimination of the GPS requirement from his VOP sentence so he can be released from Level V incarceration, this request appears moot as Robinson was released from Level V incarceration in January.  Robinson has not stated any basis for reversal of his VOP sentence.

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice

---

[1] 11 *Del. C.* § 4334(c); *Pavulak v. State*, 880 A.2d 1044, 1046 (Del. 2005).